# Review of Final Order in Alien Employer Sanctions Cases

The Immigration and Naturalization Service cannot appeal to the Attorney General or seek judicial review of a final order in an alien employer sanctions case under 8 U.S.C. § 1324a.

December 5, 1989

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
IMMIGRATION AND NATURALIZATION SERVICE

Your office has requested our advice on whether the Immigration and Naturalization Service (the "Service") can seek review of a final order in an employer sanctions case under 8 U.S.C. § 1324a. *See* Memorandum for William P. Barr, Assistant Attorney General, Office of Legal Counsel, from Raymond M. Momboisse, General Counsel, Immigration and Naturalization Service (June 21, 1989). For the reasons below, we conclude that the Service can neither seek judicial review of such an order nor appeal to the Attorney General.

Section 1324a(a) makes it unlawful for a "person or other entity" knowingly to hire, recruit or refer for a fee, or continue to employ an "unauthorized alien." Section 1324a(g)(1) prohibits a "person or other entity" from requiring an individual to post a bond against any liability that might arise with respect to hiring, recruiting, or referring for employment. The statute also establishes an administrative scheme for prosecuting violations of these subsections. Under section 1324a(e), a "person or entity" charged with such a violation is entitled to a hearing before an administrative law judge ("ALJ"), who may issue a cease and desist order and assess a civil penalty.[1] The ALJ's order becomes the final order of the Attorney General unless, within thirty days, the Attorney General modifies or vacates the order, in which case the Attorney General's order becomes the final order. *Id.* § 1324a(e)(7). The Attorney General has delegated his authority to review and revise an ALJ's order to the Chief Administrative Hearing Officer ("CAHO") in the Executive Office for Immigration Review, whose decision on the matter stands as the final order of the Attorney General. *See* 28 C.F.R. §§ 68.2(d); 68.52(a). Section 1324a(e)(8) provides that "[a] person or entity adversely affected by a

---

[1] If the person or entity does not request a hearing before an ALJ, "the Attorney General's imposition of the order shall constitute a final and unappealable order." 8 U S C. § 1324a(e)(3)(B)

final order ... may, within 45 days after the date the final order is issued," seek review in the appropriate court of appeals.

We think it apparent from the statutory language that the Service does not qualify as a "person or entity" that may seek judicial review of a final order under section 1324a(e)(8). Although the phrase is not expressly defined in section 1324a,[2] it is clear from the context in which it is used that "person or entity" refers to the employer being prosecuted. The phrase appears numerous times — sixteen times in subsection (e) alone — in ways that indicate that this is so.[3] *See, e.g.*, 8 U.S.C. § 1324a(a)(1) (making it unlawful for "a person or other entity to hire ... an unauthorized alien"); *id.* § 1324a(e)(3)(B) (hearing to be held "at the nearest practicable place to the place where the person or entity resides"); *id.* § 1324a(e)(4) (discussing application of sanctions to "a person or entity composed of distinct, physically separate subdivisions"). Indeed, a construction of subsection (e)(8) that would allow the Service to seek judicial review of a final order of the Attorney General would raise serious constitutional questions. Such review would interfere with the President's authority under Article II of the Constitution to supervise his subordinates and resolve disputes among them, *see Myers v. United States*, 272 U.S. 52, 135 (1926) (President "may properly supervise and guide" Executive officers in "their construction of the statutes under which they act in order to secure that unitary and uniform execution of the laws which Article II of the Constitution evidently contemplated in vesting general executive power in the President alone"), and would implicate the general rule that a lawsuit between two members of the executive branch does not give rise to a justiciable "case or controversy" under Article III. *See Constitutionality of Nuclear Regulatory Commission's Imposition of Civil Penalties on the Air Force*, 13 Op. O.L.C. 131 (1989) (discussing rule that lawsuits between two federal agencies are generally not justiciable).[4]

We also conclude that the Service cannot seek review by the Attorney General of the CAHO's order. The regulations clearly provide that the CAHO's order is the final order of the Attorney General in an employer sanctions case. 28 C.F.R. § 68.52(a)(1). Neither the statute nor the regulations provide for any further administrative review.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] Section 1101(b)(3) of title 8 defines "person" as simply "an individual or an organization."

[3] We also note that when Congress sought to refer to the Service in subsection (e), it did so explicitly. *See* 8 U S C. § 1324a(e)(1)(D) (directing Attorney General to establish procedures "for the designation in the Service of a unit" whose primary duty is the prosecution of cases under subsections (a) and (g)(1)).

[4] Because we conclude that the Service may not seek judicial review under section 1324a(e)(8), we do not address whether such review should be sought as a matter of policy.